IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **NELSON EARL MITCHELL,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 5:13-cv-32 (CAR) |
| | : | |
| **DR. JOSEPH FOWLKES,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is the second Motion for Preliminary Injunction filed by Plaintiff Nelson Earl Mitchell.[1] Doc. 24. Following a frivolity review under 28 U.S.C. § 1915A, the only remaining claim in this case is Plaintiff's claim that Defendants Dr. Joseph Fowlkes and Nurse Dawn Smith allegedly denied Plaintiff access to a flu immunization for the past two years despite Defendants' knowledge that Plaintiff suffers from multiple sclerosis. Docs. 8, 13. Because Plaintiff fails to satisfy the necessary prerequisites for the issuance of a preliminary injunction, it is **RECOMMENDED** that his Motion for Preliminary Injunction be **DENIED**.

Plaintiff is not entitled to a preliminary injunction unless he establishes the following four prerequisites: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations and quotations omitted). Plaintiff's failure to demonstrate a "substantial

---

[1] The Court denied Plaintiff's first Motion for Preliminary Injunction in an Order filed on February 27, 2013. Docs. 4, 9.

likelihood of success on the merits" may defeat his claim, regardless of his ability to establish the other prerequisites. <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1342 (11th Cir. 1994). Similarly, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).

Plaintiff's Motion for Preliminary Injunction presents a list of unrelated complaints about his treatment by various nonparty prison officials. For example, Plaintiff contends that three nonparty prison officials ignored the destruction of his "authorized property" and the "seriousness" of a death threat made by a fourth nonparty prison official. Doc. 24 at 1. Plaintiff also alleges that he has been "injected with interferons" by a fifth nonparty prison official at a time other than his "prescribed time (7:30 – 8:00 p.m.)," which adversely impacted his physical and mental health. <u>Id</u>. at 2. In an attachment labeled "Campaign of Harassment," Plaintiff further contends that he was transferred from administrative segregation to disciplinary isolation on March 11, 2013 and that his current cell conditions included leaking sewage, a clogged sink, minimal air circulation, and filthy showers. Doc. 24-2 at 1. In relief, Plaintiff requests "an order compelling Defendants to perform their preexisting duties under the U.S. Constitution," Doc. 24 at 2, which Plaintiff alternately describes as an order compelling unspecified nonparties "to at least stop their prejudicial treatment that is putting my physical and mental health in dire straits," Doc. 24-2 at 2.

Plaintiff has not shown a "substantial likelihood of success on the merits" at this time. <u>McDonald's Corp.</u>, 147 F.3d at 1306. Insofar as Plaintiff summarily asserts that there is a reasonable likelihood that he will prevail because there is a low threshold for showing a likelihood of success on the merits, Plaintiff misunderstands the first prerequisite for obtaining a preliminary injunction. It is well-established in this Circuit that "'[a] preliminary injunction is an

extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites.'" Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009), quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989). Here, Plaintiff has not yet presented sufficient proof or objective evidence that the specific actions of the various nonparty prison officials about which Plaintiff complains violated his constitutional rights. Further, Plaintiff's conclusory allegations involve actions by nonparties that are not connected to the only remaining claim in this case, which involves the alleged denial of access to a flu immunization for the past two years. Accordingly, Plaintiff has not "clearly established the burden of persuasion" regarding whether there is a substantial likelihood that he will succeed on the merits in this case. McDonald's Corp., 147 F.3d at 1306.

    Plaintiff also has not shown that "irreparable injury will be suffered unless the injunction issues." Id. Although Plaintiff contends that he is suffering and will continue to suffer from unspecified mental and emotional problems, Plaintiff's conclusory allegations are remote and speculative, rather than actual and imminent. See Siegel, 234 F.3d at 1176-1177 (internal citations and quotations omitted) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent."). In addition, Plaintiff's unsubstantiated allegations about possible future mental and emotional harm do not rise to the level of "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Church, 30 F.3d at 1337. Consequently, Plaintiff has not "clearly established the burden of persuasion" regarding whether he will suffer irreparable injury in the absence of a preliminary injunction. McDonald's Corp., 147 F.3d at 1306.

Finally, insofar as Plaintiff urges the Court to grant him preliminary injunctive relief that would amount to a broad instruction for Defendants and unspecified nonparties to obey the law, Plaintiff's requested relief runs afoul of Rule 65(d) of the Federal Rules of Civil Procedure. Under Rule 65(d), "[e]very order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). Requests for injunctive relief must be specific; merely ordering the defendants to obey the law in a preliminary injunction is too broad and too vague to be enforceable. See S.E.C. v. Smyth, 420 F.3d 1225, 1233 (11th Cir. 2005). Therefore, to the extent that Plaintiff's requested relief amounts to a broad instruction that Defendants and unspecified nonparties should obey the law, Plaintiff's request is unenforceable because it does not conform to the specificity requirement of Rule 65(d).

For these reasons, and in light of the deference that courts must afford prison officials in their day-to-day administration of prisons, see generally Preiser v. Rodriquez, 411 U.S. 475, 491–492 (1973), it is hereby **RECOMMENDED** that Plaintiff's second Motion for Preliminary Injunction (Doc. 24) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of July, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge